BWW#:VA-133165

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| IN RE: | Case No. 17-33929-KRH |
| KIM TIRRELL GILLIAM | |
|     Debtor | Chapter 13 |
| _____ | |
| WELLS FARGO BANK, NA | |
|     Movant | |
| v. | |
| KIM TIRRELL GILLIAM | |
|     Debtor/Respondent | |
| and | |
| KAREN J. GILLIAM | |
|     Co-Debtor/Co-Respondent | |
| and | |
| SUZANNE E. WADE | |
|     Trustee/Respondent | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 1301(c)(3)**

    Wells Fargo Bank, NA ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, and pursuant to 11 U.S.C. § 1301(c)(3), for relief from the Co-Debtor stay, with respect to certain real property of the Debtor having an address of 4100 Fallen Pine Court, Colonial Heights, VA 23834 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157.

    2.    A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on August 4, 2017.

    3.    A Chapter 13 Plan was confirmed on October 23, 2019.

    4.    The Debtor, Kim T. Gilliam, and Co-Debtor, Karen J. Gilliam, have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $234,837.00 (the "Note"). A copy of the Note is attached hereto as Exhibit 2. Movant is an entity entitled to enforce the Note.

_____
Lauren French, VSB# 85478
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463(Phone)
*Attorney for the Movant*

5. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor, Kim T. Gilliam, and Co-Debtor, Karen J. Gilliam, under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Chesterfield County, Virginia, on August 30, 2010, as Instrument #30651. A copy of the recorded Deed of Trust is attached hereto as Exhibit 1.

6. The legal description of the Property is:

ALL that certain lot, piece or parcel of land, with all improvements thereon, lying and being in Chesterfield County, Virginia, known and designated as Lot 9, Section 3, The Vineyard at Forrest View, and shown on a plat of survey made by Townes Site Engineering entitled "The Vineyard at Forest View Section Three, Matoaca District, Chesterfield County, Virginia", dated March 25, 2003, revised October 17, 2003, revised July 30, 2004, and further revised September 2, 2004, and recorded in Plat Book 152, at Pages 33 and 34, and to which plat reference is hereby made for a more particular description of the property herein conveyed.

Being the same property conveyed to the Grantor herein by Deed recorded immediately prior hereto.

7. The Debtor was in default at the time the present bankruptcy was filed. The Debtor owed prepetition arrears of $60,387.47. The prepetition arrearage is detailed in the Movant's Proof of Claim.

8. As of June 4, 2020, the outstanding amount of the Obligations due to the Movant, less any partial payments or suspense balance is:

| | |
|---|---|
| Unpaid Principal Balance | $207,899.36 |
| Unpaid, Accrued Interest | $32,202.49 |
| Uncollected Late Charges | $377.40 |
| Mortgage Insurance Premiums | $86.33 |
| Taxes and Insurance Payments on behalf of Debtor | $12,970.50 |
| Other Fees | $1,614.67 |
| Other Costs | $0.00 |
| Less: Partial Payments | $-3,234.40 |
| Minimum Outstanding Obligations | $251,916.35 |

9. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor as of June 4, 2020:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 6 | 01/01/2020 | 06/01/2020 | $1,628.18 | $9,769.08 |
| | | | Less postpetition partial payments (suspense balance): | $-61.71 |

**Total Postpetition Payments:**     **$9,707.37**

    10.     As of June 4, 2020, the total postpetition arrearage/delinquency is $9,707.37 consisting of (i) the foregoing total of missed postpetition payments in the amount of $9,707.37 plus (ii) the following postpetition fees:[1]

| Description | Amount |
|---|---|
| N/A | N/A |

    11.     The estimated value of the Property is $228,400.00. The basis for such valuation is the Debtor`s Schedules filed August 4, 2017.

    12.     Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

    13.     Cause exists for relief from the automatic stay for the following reasons:

    a.     Movant's interest in the Property is not adequately protected. Movant's interest in the collateral is not protected by an adequate equity cushion.

    b.     Post-petition payments required by the confirmed plan have not been made to Movant.

    c.     Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

---

[1] The total of missed postpetition payments for this impounded loan includes any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, postpetition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, the Bank will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total postpetition arrearage/delinquency is qualified accordingly.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. Relief from the co-debtor stay imposed by 11 U.S.C § 1301(a).

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Respectfully Submitted,

Dated: June 18, 2020

/s/ Lauren French
Lauren French VSB# 85478
BWW Law Group, LLC
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June, 2020, the following person(s) were or will be served with a copy of the foregoing Motion for Relief from Automatic Stay, and Motion for Relief from Co-Debtor Stay Pursuant to 11 U.S.C. § 1301(c)(3) electronically via the CM/ECF system or by first class mail, postage prepaid:

Suzanne E. Wade, Trustee
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226

James E. Kane, Esq.
1313 East Cary Street
P.O. Box 508
Richmond, VA 23218-0508

Karen Jones Gilliam
4100 Fallen Pine Court
Colonial Heights, VA 23834

Kim Tirrell Gilliam
4100 Fallen Pine Court
South Chesterfield, VA 23834

                                                  */s/ Lauren French*
                                                  Lauren French, Esq.